**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4049-24

N&SV MHC, LLC d/b/a THE
NORWAY'S MOBILE HOME
COURT INC., and STRAWBERRY
VILLAGE, INC.,

     Plaintiffs-Respondents,

v.

WINSLOW TOWNSHIP and
WINSLOW TOWNSHIP COUNCIL,
WINSLOW,

     Defendants-Appellants.

_____

Submitted May 13, 2026 – Decided May 27, 2026

Before Judges Mayer and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-1951-24.

The Platt Law Group, PC, attorneys for appellants (Justin M. Strausser, on the briefs).

Lori C. Greenberg & Associates, attorneys for respondent (Lori C. Greenberg and Thomas M. Pohle, on the brief).

PER CURIAM

In this prerogative-writ case, plaintiff N&SV MHC, LLC d/b/a The Norway's Mobile Home Court Inc. and Strawberry Village, Inc., a mobile-home park operator, challenged the constitutionality of a rent-control ordinance adopted by defendant Winslow Township Council in 2024. See Winslow, N.J., Ordinance O-2024-010 (May 14, 2024); see also Winslow, N.J., Code §§ 212-1 to -5. In a July 7, 2025 order, the trial judge entered judgment in plaintiff's favor. In a written decision issued the same day, the judge held the ordinance was "arbitrary and capricious as written and applied, and thus unconstitutional." The judge also found plaintiff was entitled to counsel fees pursuant to 42 U.S.C. § 1988(b) based on plaintiff's claim the adoption of the ordinance violated its due-process rights under the Fifth and Fourteenth amendments of the United States Constitution and 42 U.S.C. § 1983. Defendants appeal that order.

We affirm substantially for the reasons set forth in Judge Deborah Silverman Katz's comprehensive, written decision. We address briefly two arguments defendants make on appeal.

Defendants contend the judge erred in finding that nothing in the record supported the ordinance's 2.5% cap on annual rent increases. They argue that cap was supported by "resident complaints" and the "preamble" of the ordinance,

2

which references the Township Council's desire to adopt a rent-control ordinance "consistent with recently proposed State legislation." But the judge's conclusion was not so limited. She expressed a broader concern that none of the factual findings set forth in the "Purpose" section of the ordinance, which purportedly supported the adoption of the ordinance, were confirmed by anything in the record. Our review of the record, including the minutes and a transcript of the Council's meetings and N.J.S.A. 52:27D-287.12 to -287.14, the statute enacted by the Legislature in 2025, supports the judge's conclusion.

Contrary to the description in the ordinance's "preamble" and defendants' argument on appeal, the ordinance is not "consistent" with the statute and the statute does not confirm the constitutionality or validity of the ordinance. The statute contains detailed procedural safeguards the ordinance lacks. See, e.g., N.J.S.A. 52:27D-287.13(g) (setting forth the process by which "[a] landlord may petition the commissioner [of Community Affairs] to request approval to increase the rent"). Thus, instead of supporting the ordinance, the statute highlights its constitutional deficiencies.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division